E. MARTIN ESTRADA
United States Attorney
CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
Terrorism and Export Crimes Section
JEREMIAH LEVINE (Cal. Bar No. 288377)
Assistant United States Attorney
Violent and Organized Crime Section
     1500/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0552/8323
     Facsimile: (213) 894-2927
     E-mail:    Reema.El-Amamy@usdoj.gov
                Jeremiah.Levine@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

SEP 26 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____rsm_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>MICHAEL VITANZA,<br><br>　　　　Defendant. | No. CR **2:24-CR-00570-WLH**　　**12**<br><br>GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |

     Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐　1.　Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

☐　a.　present offense committed while defendant was on release pending (felony trial),

☐ b.    defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

☐ c.    defendant may flee; or

☐ d.    pose a danger to another or the community.

☒ 2.    Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

☒ a.    the appearance of the defendant as required;

☒ b.    safety of any other person and the community.

☐ 3.    Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

☐ a.    defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

☐ b.    defendant cannot establish by clear and convincing evidence that he/she will not flee.

☒ 4.    Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

☒ a.    Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 <u>et seq.</u>) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐ b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

2

☐   c.   offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐   d.   defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒   5.   Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☐   a.   a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☒   b.   an offense for which maximum sentence is life imprisonment or death;

☒   c.   Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

3

☐ d.  any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

☐ e.  any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒ f.  serious risk defendant will flee;

☒ g.  serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐ 6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//
//
//

4

☐    7.    Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: September 26, 2024          Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

CAMERON L. SCHROEDER
Assistant United States Attorney
Chief, National Security Division

_____
REEMA M. EL-AMAMY
JEREMIAH LEVINE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA