**ALEX R. KESSEL, ESQ. (State Bar No. 110715)**
LAW OFFICES OF ALEX R. KESSEL
15910 Ventura Blvd.
Suite 1030
Encino, California 91436
Telephone: (818) 995-1422
Facsimile: (818) 788-9408
Email: KesselLawFirm@gmail.com

Attorney for Defendant,
**CHASE FLACK,**

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHASE FLACK,<br>Defendant. | CASE NO.: 2:24-cr-00570-WLH-49<br><br>**DEFENDANT'S OPPOSITION TO REVOCATION OF RELEASE CONDITIONS**<br><br>**DATE: January 3, 2025**<br>**TIME: 9:30 am**<br>**PLACE: Courtroom of the Honorable Judge Wesley L. Hsu** |

TO THE HONORABLE WESLEY L. HSU, JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant CHASE FLACK opposes the petition to revoke his bond conditions and order detention based on the following:

1.   Pursuant to 18 USC § 3148, this honorable count must find that there is

   *"(B) clear and convincing evidence that the person has violated any other conditions of*

   *release; and (2) finds that*

   *(A) Based on the factors set forth in section 3142(g) of this title, there is no condition or*

      *combination of conditions of release that will assure that the person will not flee or pose*

      *a danger to the safety of any other person or the community or*

1

*(B) The person is unlikely to abide by any conditions or combination of conditions of release."*

2. The alleged violation of Defendant's possession of a cell phone is not one of the statutory conditions permitted to be imposed by the court pursuant to 18 USC § 3142(B).

   Defendant also submits the non possession of a cell phone condition does not fall within the purview of § 3142(B) (XIV) because simple possession of a cell phone **is not** reasonably necessary to assure the appearance of the person as required nor to assure the safety of any other person and the community.

3. There is no evidence Defendant Flack used the cell phone to further another crime, contact a potential witness or co-defendant or obstruct justice in any way.

4. Defendant's short use of the phone was to contact his mother, girlfriend and friends over the holiday in order to stay positive during his stay at the residential drug treatment program.

5. The instant petition sets forth no facts indicating defendant committed another criminal offense.

6. The instant petition does not set forth any facts describing the source of the alleged threat nor the nature and content of the alleged threat.

7. On December 31, 2024, Defense Counsel contacted a resident supervisor (Christina) at Impact House. Christina indicated Defendant never personally threatened a staff member at Impact House, but only mentioned how Defendant Flack expressed displeasure that his phone was confiscated. Christina also indicated no one at Impact took Defendant's statement as a threat to do harm to anyone. Christina indicated she has heard other residents express frustration when their phone has been confiscated by program staff members. Finally, Christina indicated Defendant is welcome to remain at Impact and is not a threat to anyone. Defense anticipates Christina would affirm these statements in sworn testimony.

2

8. Defendant submits he wants to remain getting treatment at Impact and knows the program has helped him manage and alleviate his drug addiction.

9. Defendant is not charged in the Rico Count and is mentioned only in a few overt acts out of the hundreds alleged in the Count 2, Conspiracy.

10. The magistrate who set bond conditions already considered the government's allegations of criminal conduct against Defendant Flack.

11. The petition alleges no facts which indicate that Defendant, if he remains on release conditions would be a flight risk or pose a danger to the safety of any person or the community.

12. Defendant submits the Impact program, through their reporting of the instant phone violation, will continue to monitor defendant's compliance with all court ordered conditions of his release.

13. Defendant submits detention is not warranted and the court should admonish the defendant not to possess a cell phone for any reason.

14. Notwithstanding the cell phone violation, there is no proof by clear and convincing evidence that Defendant Flack presents a flight risk or poses a public danger.

Based on the foregoing, Defendant Flack respectfully requests this honorable court to allow Defendant to remain free on his current bond conditions.

DATED: January 2, 2025

Respectfully submitted,

/s/Alex R. Kessel

ALEX R. KESSEL
Attorney for Defendant
**CHASE FLACK**

3