TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
National Security Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Major Crimes Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0552/0480
Facsimile: (213) 894-2927
E-mail: Reema.El-Amamy@usdoj.gov
Bruce.Riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAIRE PATRICIA HAVILAND, et al.,<br>KENNETH DANIEL PAYER (30),<br><br>Defendant. | No. CR 2:24-CR-00570-WLH-30<br><br>GOVERNMENT'S SENTENCING POSITION |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy and Bruce K. Riordan, hereby files its sentencing position for defendant Payer.

//

This government's position is based upon the attached statement, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 30, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/ *Reema M. El-Amamy*
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

**GOVERNMENT'S POSITION**

On February 27, 2026, defendant Kenneth Daniel Payer pled guilty to Count 2 of a 76-count Indictment which also named 67 other co-defendants. Defendant Payer was named in Count 2 only. The government has reviewed the Presentence Report ("PSR.") The government objects to the PSR's calculation of the applicable guideline.

Specifically, defendant Payer admitted the **minimum** amount of fentanyl for a plea pursuant to a violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(vi), namely, **40 grams of a mixture or substance containing fentanyl**. However, the government will submit evidence to the United States Probation Office ("USPO") and the Court that as part of the conspiracy, defendant Payer and his co-conspirators actually agreed to distribute and possess with intent to distribute at least **400 grams of a mixture or substance containing fentanyl**.[1]

As set forth in the plea agreement, beginning on a date unknown and continuing through in or around September 2024, defendant Payer agreed with other co-conspirators to distribute and possess with the intent to distribute drugs, including fentanyl. Defendant Payer joined the agreement knowing of its purpose and intending to help accomplish that purpose. Specifically, defendant Payer would obtain drugs, including methamphetamine, fentanyl, and heroin from drug suppliers and then work with other co-conspirators to distribute the drugs to customers.

As part of the conspiracy, on February 15, 2023, defendant Payer, using coded language in a Facebook message exchange, told a

[1] Evidence to support the increased drug quantity will be submitted separately from the instant filing.

co-conspirator that he needed an ounce of fentanyl. On May 15, 2023, defendant Payer, using coded language in a Facebook message exchange, told a co-conspirator that he had high-quality fentanyl available to distribute customers.

The government objects to the guidelines calculations prepared by the United States Probation Office and that were disclosed to the parties on May 26, 2026. Specifically, the government maintains that the **Total Offense Level** is **30** pursuant to U.S.S.G. § 2D1.1(c)(5). Based on a criminal history category VI, the government recommends a sentence of **162 months' imprisonment**.

The government further recommends that the defendant be placed on supervised release for four years, and be ordered to pay a special assessment of $100. The government maintains that the sentence takes into consideration the 18 U.S.C. § 3553(a) factors, and is not greater than necessary to achieve those goals. It reflects the very serious nature of the offense, promotes respect for the law, provides

//

//

//

//

//

//

//

//

//

//

//

//

just punishment for a serious offense, and affords adequate deterrence to defendant's conduct in a manner that a lower sentence would not.

Dated: May 30, 2026

Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

/s/ *Reema M. El-Amamy*
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA