TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
REEMA M. EL-AMAMY (Cal. Bar No. 237743)
Assistant United States Attorney
National Security Division
BRUCE K. RIORDAN (Cal. Bar No. 127230)
Assistant United States Attorney
Major Crimes Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-0552/0480
        Facsimile: (213) 894-2927
        E-mail:    Reema.El-Amamy@usdoj.gov
                   Bruce.Riordan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-00570-WLH-1 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| CLAIRE PATRICIA HAVILAND, et al., CLAIRE PATRICIA HAVILAND (1), | **CURRENT TRIAL DATE:** 9/14/2026 **PROPOSED TRIAL DATE:** 4/13/2027 |
| Defendant. | **CURRENT PRETRIAL CONFERENCE DATE:** 8/21/2026 **PROPOSED PRETRIAL CONFERENCE DATE:** 3/26/2027 |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Reema M. El-Amamy

and Bruce K. Riordan, and defendant CLAIRE PATRICIA HAVILAND (1), both individually and by and through her counsel of record, hereby stipulate as follows:

1.    The Indictment in this case was made public on October 2, 2024.  The Court has previously set a trial date of September 14, 2026, and a status conference date of August 21, 2026 for the majority of defendants in this matter, including defendant CLAIRE PATRICIA HAVILAND (1).

    a.    Defendant CLAIRE PATRICIA HAVILAND (1) first appeared before a judicial officer of the court in which the charges in this case were pending on October 2, 2024.  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 11, 2024.

2.    Defendant CLAIRE PATRICIA HAVILAND (1) is currently on bond pending trial.  The parties estimate that the trial in this matter will last approximately three weeks.  All defendants are joined for trial and a severance has not been granted.

3.    By this stipulation, defendant CLAIRE PATRICIA HAVILAND (1) moves to continue the trial date to April 13, 2027, and a Pretrial Conference date of March 26, 2027.  This is the third request for a continuance for this defendant.

4.    Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.    Defendant CLAIRE PATRICIA HAVILAND (1) and her co-defendants are charged with violations of 18 U.S.C. § 1962(d): Racketeer Influenced and Corrupt Organizations Conspiracy; 21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to

Distribute Controlled Substances; 18 U.S.C. § 1349: Conspiracy To Commit Bank Fraud; 18 U.S.C. § 1344: Bank Fraud; 18 U.S.C. § 1028A: Aggravated Identity Theft; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), (b)(2): Possession with Intent to Distribute and Distribution of Controlled Substances; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924(c)(1)(A): Possess a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 2(a): Aiding and Abetting.

b.    The underlying investigation of defendant and his co-conspirators began in 2020 and continued throughout 2024.

c.    The government has begun to produce discovery to the defense, including post-arrest statements, recorded jail telephone calls, thousands of pages of Facebook communications, criminal history reports, laboratory reports, video and audio recordings related to various overt acts in the indictment, and photographs of physical evidence.

d.    The government obtained dozens of Facebook search warrants during its underlying investigation and seized the contents of numerous Facebook accounts belonging to defendant and his co-conspirators.  The written contents of seized Facebook communications and pictures is easily in the hundred of thousands of pages if not in the millions.

e.    Additionally, the discovery in this matter includes discovery related to a lengthy federal wiretap investigation that involved the interception of twenty-three separate telephones between July 2023 and May 2024.  The government intercepted thousands of wire

and electronic communications, which it is in the process of making available to the defense.  There are six separate lengthy wiretap applications underlying the government's requests for interceptions. Additionally, there are thousands of line sheets and hundreds of draft transcripts of intercepted communications that the government intends to present at any trial.

f.   The government seized dozens of digital devices belonging to defendants and co-conspirators on October 2, 2024, and is working with law enforcement partners to make the contents of those digital devices available to the defense as soon as possible.

g.   Finally, discovery in this case includes discovery that needs to be produced pursuant to a Protective Order to prevent the spread of personal identifying information and financial information, as well as to protect the safety of potential witnesses. The parties recently obtained a Protective Order from the Court, and the government began producing thousands of pages of protected discovery.

h.   In total, all discovery that the government is in the process of making available to all defendants, included "Protected Discovery," will constitute **approximately one terabyte of evidence**.

i.   Due to the nature of the prosecution, the number of defendants, including the charges in the indictment and the voluminous discovery that is in the process of being produced to defendants, this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the Speedy Trial Act time limits.

j.   In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with

4

defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

k.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

l.    The government does not object to the continuance.

m.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

5.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 14, 2026 to April 13, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a

miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: June 5, 2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division


_____/s/_____
REEMA M. EL-AMAMY
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am CLAIRE PATRICIA HAVILAND's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of her Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 13, 2027 is an informed and voluntary one.

_____    _____6/18/26_____
PEDRO BERNAL BILSE                  Date
Attorney for Defendant
CLAIRE PATRICIA HAVILAND

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 13, 2027.

_____    _____6-18-26_____
CLAIRE PATRICIA HAVILAND            Date
Defendant